**United States District Court**
For the Northern District of California

1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    NORTHERN DISTRICT OF CALIFORNIA

7

8  UNITED STATES OF AMERICA,                No. C-07-4032 JCS
   ET AL.,

9
                    Petitioners,
10                                          **REPORT AND RECOMMENDATION RE**
                                            **ENFORCEMENT OF INTERNAL REVENUE**
   v.                                       **SERVICE SUMMONS [Docket No. 1]**
11
   MARGARET WATSON,
12
                    Respondent.
13  _____/

14  **I.      INTRODUCTION**

15          Petitioners, the United States of America and Revenue Officer Michael Filice, seek

16  enforcement of an Internal Revenue Service Summons against Respondent, Margaret Watson.

17  Petitioner Filice ("Petitioner") is attempting to determine and collect certain federal tax liabilities of

18  Respondent for the tax years 1998, 1999, and 2003. Verified Petition at Exhibit A, and ¶ 3. On

19  April 4, 2007, Petitioner served a Summons upon Respondent by leaving a copy at her usual place of

20  abode. *Id.* at ¶ 7. The Summons required Respondent to appear before Petitioner on April 18, 2007,

21  to give testimony and to bring for examination certain documents and records. *Id.* at Exhibit A.

22  Respondent did not appear on April 18, 2007, as requested in the Summons. *Id.* at ¶ 9.

23          On August 6, 2007, Petitioner filed a Verified Petition to Enforce Internal Revenue Service

24  Summons against Respondent, requesting that the Court order Respondent to appear before

25  Petitioner to give testimony and produce items requested in the Summons, at a time and place

26  directed by the Court. *Id.* at ¶ B. Petitioner also requested that the Court grant its costs in this

27  proceeding, as well as any other relief that may be necessary and proper. *Id.* at ¶ C. On August 6,

28  2007, this Court issued an Order to Show Cause ("OSC") why the Summons should not be enforced,

1

**United States District Court**
For the Northern District of California

1  and a hearing was held on October 19, 2007.  At the hearing, Thomas Moore appeared for the United

2  States.  Respondent filed various documents in opposition, largely contesting that she owes any

3  taxes.  Respondent did not appear in response to the OSC.

4      For the reasons stated below, IT IS HEREBY RECOMMENDED that Petitioners' Summons

5  be enforced.

6  **II.   DISCUSSION**

7      **A.    Validity of Summons**

8      The IRS is authorized to make administrative "inquiries, determinations, and assessments"

9  regarding all internal revenue taxes that are owed.  26 U.S.C. § 6201.  In connection with such

10  inquiries, the IRS has the authority to summon the person liable for the tax to appear "at a time and

11  place named in the summons and to produce such book, papers, records, or other data, and to give

12  such testimony, under oath, as may be relevant or material."  26 U.S.C. § 7602(a)(2).  Such

13  summons may be issued for the purpose of  "ascertaining the correctness of any return, making a

14  return where none has been made, determining the liability of any person for any internal revenue

15  tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any

16  internal revenue tax, or collecting any such liability."  26 U.S.C. § 7602(a).  However, no summons

17  may be issued or enforced "if a Justice Department referral is in effect with respect to such person."

18  26 U.S.C. § 7602(d)(1).  Thus, a summons issued pursuant to 26 U.S.C. § 7602 is valid only if

19  "issued for a proper purpose and prior to a recommendation for criminal prosecution."  *Donaldson v.*

20  *United States*, 400 U.S. 517, 536 (1971).

21      **B.    Standard for Enforcement of IRS Summons**

22      The Supreme Court held in *United States v. Powell* that to obtain enforcement of a summons,

23  the IRS must first establish its "good faith" by showing that the summons: (1) is issued for a

24  legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information not already

25  within the IRS' possession; and (4) satisfies all administrative steps required by the United States

26  Code.  379 U.S. 48, 57-58 (1964).  The government's burden is "a slight one" and typically is

27  satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons

28  establishing that the *Powell* requirements have been met.  *United States v. Dynavac, Inc.*, 6 F.3d

2

**United States District Court**
For the Northern District of California

1   1407, 1414 (9th Cir. 1993).  Once a prima facie case is made, a "heavy" burden is placed on the

2   taxpayer to show an abuse of process or lack of good faith.  *Id.*

3   First, to establish a legitimate purpose, the IRS must demonstrate that the summons is being

4   issued for one of the purposes for which is has authority: "ascertaining the correctness of any return,

5   making a return where none has been made, determining the liability of any person for any internal

6   revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect

7   of any internal revenue tax, or collecting any such liability."  26 U.S.C. § 7602(a).

8   Second, the standard for relevance is whether the information sought might shed light on the

9   taxpayer's liability.  *United States v. Ryan*, 455 F.2d 728, 733 (9th Cir. 1972).  However, the Ninth

10  Circuit has cautioned that "the government's burden, while not great, is also not non-existent" and it

11  is not necessarily satisfied by an IRS agent's mere assertion of relevance.  *United States v. Goldman*,

12  637 F.2d 664, 667 (9th Cir. 1980).  Thus, the Court may "scrutinize the summons to determine

13  whether [the IRS] seeks information relevant to a legitimate investigative purpose" and may choose

14  either to refuse enforcement or narrow the scope of the summons.  *Goldman*, 637 F.2d at 667.  A

15  summons should not be enforced if it is so overbroad that it constitutes a violation of the Fourth

16  Amendment ban on unreasonable search and seizure.  *United States v. Malnik*, 489 F.2d 682 (5th

17  Cir. 1974).

18  Third, a statement by the government that it does not possess the information sought by the

19  summons is generally sufficient to shift the burden to the taxpayer to show actual possession in order

20  to defeat the summons.  *United States v. Garrett*, 571 F.2d 1323 (5th Cir. 1978).

21  Fourth, to comply with administrative requirements, the summons must be served either by

22  delivery "in hand to the person to whom it is directed" or by leaving it at that person's "last and

23  usual place of abode."  26 U.S.C. § 7603.  Where the summons requires production of documents,

24  "it shall be sufficient if such books, papers, records, or other data are described with reasonable

25  certainty."  *Id.*  The time and place of the examination must be "reasonable under all the

26  circumstances" and must be at least 10 days from the date the summons is served.  26 U.S.C.

27  § 7605(a).

28  //

3

**United States District Court**

For the Northern District of California

1    **C.    Analysis of the Summons and Verified Petition**

2    As an initial matter, the Summons issued by Petitioners is valid because it was issued for the

3    proper purpose under 26 U.S.C. § 7602(a) of determining and collecting Respondent's tax liability

4    and there is no evidence that a Justice Department referral has been made with regard to

5    Respondent.

6    The government has met its initial burden under *Powell* through its Verified Petition.  First,

7    the IRS issued the Summons for the legitimate purposes of completing its inquiry into Respondent's

8    federal tax liability and collecting that liability.  Verified Petition at ¶¶ 3, 4, 8.  Second, the IRS

9    states that the information it seeks is "relevant and material" to determining and collecting

10    Respondent's tax liability.  *Id.* at ¶ 4.  The IRS also asserts that the information sought "can

11    reasonably be expected to assist in the determination and collection of" Respondent's tax liability,

12    and "was and now is essential to completion of" its inquiry into Respondent's tax liability.  *Id.* at ¶

13    8.  This Court finds that the information sought by the IRS is both reasonable and relevant to the

14    purpose of determining and collecting Respondent's tax liability.  Third, the IRS has met its burden

15    of establishing its need for this information through its assertion that it does not otherwise have

16    "access, possession, or control" of the information it seeks in the Summons.  *Id.* at ¶ 6.  Fourth, the

17    IRS states that it has fulfilled all of the required administrative steps under the United States Code.

18    *Id.* at ¶11.  The IRS properly served the Summons upon Respondent by leaving it at her "last and

19    usual place of abode," *id.* at ¶¶ 7, 11, and Exhibit A, which is an acceptable form of service.  *United*

20    *States v. Gilleran*, 992 F.2d 232 (9th Cir. 1993).  In addition, the Summons is sufficiently clear, and

21    the date of the requested appearance was more than 10 days after the Summons was served.

22    Thus, the IRS has met its burden by presenting evidence through its Verified Petition that the

23    Summons was issued for a legitimate purpose; that the information sought may be relevant to that

24    purpose; that the summoned information is not already in possession of the IRS; and that the proper

25    administrative steps have been followed.  Respondent has submitted no evidence to refute these

26    facts.

27    //

28

4

**III.    CONCLUSION**

IT IS HEREBY RECOMMENDED that the Summons be enforced and that Respondent

appear for examination and provide the requested books, papers, records, and data.

DATED: October 29, 2007

JOSEPH C. SPERO
United States Magistrate Judge

**United States District Court**
For the Northern District of California

5